UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-219-RJC

| ROBERT GIBSON WARRICK, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| KIERAN J. SHANAHAN, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 6).

## I. BACKGROUND

Pro se Petitioner Robert Warrick is a prisoner of the State of North Carolina, who, on June 11, 2012, in Union County Superior Court, pled guilty to four counts of indecent liberties with a child, and was sentenced to two consecutive terms of 16-20 months imprisonment, in cases 09 CRS 55149-55152. (Doc. No. 7-2: Ex. 1; Doc. No. 7-3: Ex. 2). Petitioner was represented by Carol Huffman Kendrick and did not appeal. On February 21, 2013, Petitioner filed a pro se motion for appropriate relief ("MAR") in Union County Superior Court. (Doc. No. 7-4: Ex. 3). On April 8, 2013, the MAR Court summarily denied the MAR. (Doc. No. 7-5: Ex. 4). Petitioner did not seek appellate review of the denial of his MAR. On October 1, 2013, Petitioner filed a pro se habeas corpus petition in the North Carolina Court of Appeals. (Doc. No. 7-6: Ex. 5). On October 2, 2013, the North Carolina Court of Appeals denied the petition.

(Doc. No. 7-7: Ex. 6).

Petitioner originally filed his pro se federal habeas petition in the Middle District of North Carolina on April 1, 2013, and on April 5, 2013, the Middle District transferred the petition to this Court.[1]  In the petition, Petitioner contends that (1) his conviction violates the "Law of the Land" Clause of the North Carolina State Constitution, and (2) he received ineffective assistance of counsel because trial counsel did not inform him of his right to appeal, and counsel allowed Petitioner's ex-wife to make disparaging comments about Petitioner at Petitioner's plea hearing.

On September 24, 2014, Respondent filed the pending motion for summary judgment. (Doc. No. 6).  On September 29, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion.  (Doc. No. 8).  Petitioner did not respond to the summary judgment motion and the deadline to do so has passed.[2]

**II.     STANDARD OF REVIEW**

A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to

---

[1]  Petitioner placed the petition in the prison mailing system on March 20, 2013.  (Doc. No. 1 at 14).
[2]  Because Petitioner did not file a response to the summary judgment motion, he is deemed to have abandoned his claims.  See Crosby v. Gastonia, 635 F.3d 634, 638 n.3 (4th Cir. 2011).  In an abundance of caution, however, the Court will address the merits of his claims.

2

the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Id. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. Id. at 249-50.

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and

finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F .3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

### III. DISCUSSION

#### A. Petitioner's First Ground

In his first ground for relief, Petitioner contends that his conviction violates the "Law of the Land" Clause of the North Carolina State Constitution. Specifically, Petitioner alleges that he "worked and maintained a great standing in the community. Despite his felony, he was an avid church goer and a person who worked extensively to help the technological advancement in school systems across the state. His conviction is a violation of his abilities to successfully have 'life, liberty, property and immunity' under the governing rules." (Doc. No. 1 at 5). This claim is without merit, as state constitutional law claims are not cognizable on federal habeas review.

4

See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Furthermore, Petitioner raised the substance of first ground for relief in his MAR, and the MAR Court summarily denied the claim on the merits. The MAR Court's adjudication of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law, nor was it based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings.

In sum, Petitioner's first ground for relief is denied.

B.      Petitioner's Second Ground

In his second ground for relief, Petitioner contends that he received ineffective assistance of counsel because counsel did not inform him of his right to appeal and counsel "allowed damaging comments to be made on the part of the defendant's ex-wife without being coaxed by defendant to make an objection to." (Doc. No. 1 at 6-7). The Sixth Amendment to the U.S. Constitution guarantees that, in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882

5

(4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish ineffective assistance of counsel in the guilty plea context, Petitioner must show a professional dereliction and a reasonable probability an objectively reasonable person in his shoes would not have pled guilty and would have insisted on going to trial, absent the alleged dereliction.  See Hill v. Lockhart, 474 U.S. 52 (1985) (applying familiar two-part test of Strickland v. Washington to ineffectiveness claims raised in guilty plea context); Meyer v. Branker, 506 F.3d 358 (4th Cir. 2007) (prejudice prong under Hill v. Lockhart is an "objective inquiry"), cert. denied, 554 U.S. 925 (2008).

Petitioner's second ground for relief fails.  First, Petitioner's assertion that his lawyer did not inform him of his right to appeal is belied by the plea transcript, which shows that Petitioner was specifically advised of his right to appeal and that if he pled guilty there would be limitations on that right. (Doc. No. 7-2 at 2).  Petitioner swore that he understood the limitations on his right to appeal.  (Id. at 4).  Second, because Petitioner received two consecutive, presumptive range sentences of 16-20 months, for his Class F felonies at his prior record level I, he had no right to appeal under the circumstances of this case.  See N.C. GEN. STAT. § 15-1340.17(c) and (d) (2001 version applicable to Petitioner's offenses in January, February, March, and April 1, 2007).  Thus, counsel could not have been ineffective for failing to advise Petitioner of his appellate rights, beyond those set forth in the transcript of plea.  See generally Roe v.

6

Flores-Ortega, 528 U.S. 470, 487 (2000) (stating that whether a defendant receives a sentence pursuant to his plea bargain and expresses no desire to appeal, and whether counsel has a reason to believe a rational defendant would want to appeal, are non-exclusive factors to consider in determining whether counsel acted reasonably in not advising defendant about appellate rights).

Finally, as part of his second ground for relief, Petitioner asserts that counsel was ineffective because counsel allowed Petitioner's ex-wife to make disparaging comments about Petitioner at Petitioner's plea hearing. Petitioner raised this claim in his MAR, contending that his ex-wife "was allowed to attack my character in open court, not on the basis of the charges for which we were there to resolve, but on the basis of a marriage we both failed at." (Doc. No. 7-4 at 2). The MAR Court summarily denied this claim. The MAR Court's adjudication of this claim was neither contrary to nor an unreasonable application of clearly established Supreme Court law, nor was it based on an unreasonable determination of facts, in light of the evidence presented in the state court proceedings. Petitioner pled guilty to the charges against him, admitting that he committed the crimes for which he was charged. Any statements that Petitioner's ex-wife made at the plea hearing, therefore, did not affect the outcome of Petitioner's plea. Thus, counsel was not ineffective for allegedly allowing Petitioner's ex-wife to make a statement at Petitioner's plea hearing.

In sum, Petitioner's second ground for relief is denied.

### IV.    CONCLUSION

For the reasons stated herein, Respondent is entitled to summary judgment as to all of Petitioner's claims.[3]

---

[3] Respondent argues in its brief in support of summary judgment that the Court could

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

_[signature]_
Robert J. Conrad, Jr.
United States District Judge

---

alternatively dismiss the petition based on a finding that Petitioner did not exhaust his state remedies because he did not seek review of the MAR order by filing a certiorari petition in the North Carolina Court of Appeals pursuant to N.C. GEN. STAT. § 15A-1422(c)(3) and N.C. R. APP. P. 21(e). Regardless of exhaustion, this Court is denying Petitioner's claim on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").